IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEN PIOTEN KUAC, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-176-D |
| | § | |
| JOEL W. RICHARDSON, Sheriff, | § | |
| Randall County, Texas, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner, a *pretrial* detainee confined in the Randall County Jail, has filed this *pro se* habeas petition under 28 U.S.C. section 2241 against custodian Randall County Sheriff Joel W. Richardson challenging the constitutionality of his continued confinement. For the following reasons, the petition should be dismissed without prejudice.

BACKGROUND

Online Randall County Judicial Records reflect that on June 13, 2018, petitioner was charged by Complaint with the offense of continuous violence against the family, a third-degree felony. *State v. Kuac*, No. 28,717-A. Petitioner asserts the Randall County Sheriff's Department arrested him for the charged offense on June 17, 2018 in Potter County, Texas. The online records reflect petitioner was subsequently indicted for the offense on June 27, 2018.

Online Randall County records also reflect that on August 27, 2018, petitioner was charged by Complaint with the offense of violating a bond or protective order two or more times within a

12-month period. *State v. Kuac*, No. 28,889-A. Petitioner was subsequently indicted for the offense on September 5, 2018.

By his federal habeas application, petitioner appears to assert he has been confined in the Randall County Jail since the date of his arrest for the first offense and that his continued confinement on the pending criminal charges violates his federal constitutional rights because:

1. The Randall County district court does not have subject matter jurisdiction over his criminal proceedings because the alleged offenses occurred in Potter County, Texas, not Randall County, Texas; and

2. The Indictments against petitioner are invalid because the December 2, 2017 and May 8, 2018 incidents that form the basis for the current charges were dropped and are based on false allegations.

Petitioner requests this Court order his immediate release from confinement.

## ANALYSIS

Under 28 U.S.C. section 2241, a state pre-trial detainee may raise constitutional claims related to his confinement in a federal habeas proceeding. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)). However, to warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. section 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be

used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493. Exceptions to the exhaustion requirement apply only in extraordinary circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*).

The online electronic docket of the Texas Court of Criminal Appeals reflects petitioner has not filed a petition for state habeas relief with that court or otherwise presented the claims he raises in the instant federal habeas petition to that state court. Consequently, petitioner has not exhausted his state court remedies. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights, nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement.

Moreover, petitioner's claims and requested relief are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires federal courts to decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d

712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case. Petitioner has failed to show any special or exceptional circumstances warranting this Court's interference. This section 2241 petition should be dismissed because of the failure to exhaust state court remedies and the *Younger* abstention doctrine.

### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the *Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* [ECF 6] filed by petitioner KEN PIOTEN KUAC be DISMISSED without prejudice.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 14, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).